DAVID H. KRAMER, State Bar No. 168452
dkramer@wsgr.com
SAMUEL J. DIPPO, State Bar No. 310643
sdippo@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

Attorneys for Defendants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| AKIKO KIJIMOTO, | ) | CASE NO.:  4:18-cv-0754-HSG |
| | ) | |
| Plaintiff, | ) | **NOTICE OF MOTION AND** |
| | ) | **DEFENDANTS' MOTION TO DISMISS** |
| v. | ) | **PURSUANT TO FED. R. CIV. P. 8(a);** |
| | ) | **MEMORANDUM OF POINTS AND** |
| YOUTUBE, LLC and GOOGLE LLC, | ) | **AUTHORITIES IN SUPPORT** |
| | ) | **THEREOF** |
| Defendants. | ) | |
| | ) | Hearing Date:  May 24, 2018 |
| | ) | Time:  2:00 p.m. |
| | ) | Judge:  Haywood S. Gilliam, Jr. |
| | ) | |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that, on Thursday, May 24, 2018, at two o'clock in the afternoon, in the courtroom of the Honorable Haywood S. Gilliam, Jr., Ronald V. Dellums Federal Building and United States Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94162, Defendants YouTube, LLC and Google LLC (collectively "Defendants" or "YouTube") will and hereby do renew their Motion for an order dismissing the Complaint filed by *pro se* Plaintiff Akiko Kijimoto ("Plaintiff").

**STATEMENT OF REQUESTED RELIEF**

Defendants respectfully request dismissal of the Complaint for failure to properly plead under Federal Rule of Civil Procedure 8(a). This renewed Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court's files in this action, the arguments of counsel, and any other matters properly before the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Complaint should be dismissed under Rule 8(a) for failure to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

The Complaint filed by *pro se* Plaintiff Akiko Kijimoto against Google Inc. (now known as Google LLC) and YouTube, LLC is unintelligible.

In a stream of consciousness, Plaintiff mentions copyright several times, but she does not identify a copyrighted work or any basis for a claim of infringement. She also references cyberbullying, cybercrime, life insurance, and "trafficking in persons and act of killing people because the human voice is included in the copyrighted work." Compl. 1:26-28, ECF No. 1-3. Plaintiff claims two billion dollars in damages, but there are no facts supporting any perceived grievances. The Complaint does not come close to providing notice to YouTube of the claims asserted against it.

1       The Complaint's impenetrability also prevents YouTube from identifying the defenses it

2 has to whatever Plaintiff's claims may be. Online services like YouTube are shielded from most

3 claims arising from content uploaded to their services. Section 230 of the Communications

4 Decency Act ("CDA") and the safe-harbor protections of the Digital Millennium Copyright Act

5 ("DMCA") are particularly noteworthy in this regard. But without a considerably clearer recitation

6 of Plaintiff's claims, YouTube cannot effectively assert these statutory immunities.

7       Even affording Plaintiff leeway as a *pro se* litigant, her Complaint falls far short of that

8 which is minimally required. YouTube respectfully requests the Court dismiss the complaint for

9 failure to comply with Federal Rule of Civil Procedure 8(a).

10 **STATEMENT OF FACTS**

11       On October 12, 2017, YouTube was served with a copy of Plaintiff's Complaint.

12 Although the allegations of the Complaint are difficult to recount here, at least this much can be

13 gleaned:

14    •  Plaintiff Akiko Kijimoto maintains an address in Los Angeles, California. Compl. 1:1-3,

15       ECF No. 1-3.

16    •  Plaintiff claims two billion dollars in damages. *Id.* at 1:21.

17    •  Plaintiff has a YouTube channel: "rythmique. co." *Id.* at 3:27.

18 Beyond that, the Complaint contains all manner of malformed fragments, perhaps owing to some

19 language barrier:

20    •  "As a life insurance, copyright, life liability insurance, as person and the person who

21       suffered damage." *Id.* at 1:22-23.

22    •  "Despite repeated e-mails and reports at YouTube, I did not finish easily. I went to the

23       police again and again. Because I could not do anything. I have been very hard time for

24       long time." *Id.* at 2:1-3.

25    •  "I divorced in 17.Jun.2016. I and my husband got confused by this YouTube video.

26       Because it was a karaoke video with my ex boyfriends I thought my husband did …. but

27       he also got identity theft damaged. [L]ike skimming damage." *Id.* at 3:3-6.

28

1   • "Mental damage. I became an adaption disorder by stress. YouTube contents started

2       10.Mar.2014." *Id.* at 3:7-8.

3       Plaintiff has filed a strikingly similar complaint against Dwango Co., Ltd. *Akiko Kijimoto*

4   *v. Dwango Co., Ltd.*, No. 2:17-cv-06448-PSG-MRW, ECF No. 1-2 (Complaint Removed

5   Aug. 31, 2017); Dippo Decl. Ex. 1. In that case, the court dismissed the action on jurisdictional

6   grounds. *Akiko Kijimoto v. Dwango Co., Ltd.*, No. 2:17-cv-06448-PSG-MRW, ECF No. 26

7   (Order Granting Motion to Dismiss Oct. 20, 2017); Dippo Decl. Ex. 2 at 3-6. In doing so, the

8   court held "[t]he factual allegations underpinning Plaintiff's claims are unclear." *Id.* at 2. The

9   court has since dismissed Plaintiff Akiko Kijimoto's amended complaint after she failed to

10  respond to Dwango Co., Ltd.'s motion to dismiss the amended complaint. *Akiko Kijimoto v.*

11  *Dwango Co., Ltd.*, No. 2:17-cv-06448-PSG-MRW, ECF No. 31 (Order Granting Defendant's

12  Motion to Dismiss Jan. 12, 2018); Dippo Decl. Ex. 3.

13      Because the Complaint here repeatedly references "copyright," YouTube removed the

14  case to the United States District Court for the Central District of California pursuant to

15  28 U.S.C. §§ 1446(b) and 1454. On January 22, 2018, after an order to show cause proceeding,

16  the Honorable Judge John A. Kronstadt concluded there was federal subject matter jurisdiction

17  over the case, and granted Defendants' Motion to Transfer Venue based on the forum-and-

18  venue-selection clause of the parties' agreement. ECF No. 29. With respect to Defendants'

19  concurrent Motion to Dismiss, Judge Kronstadt observed the Complaint was "not clear," but left

20  the substance for this Court to address. *Id.*

21                                **ARGUMENT**

22  **A. Legal Standard**

23      "Rule 8(a) is grounds for dismissal independent of Rule 12(b)(6)." *Gottschalk v. City &*

24  *Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1154 (N.D. Cal. 2013) (citing *McHenry v. Renne*,

25  84 F.3d 1172, 1179 (9th Cir. 1996). "Rule 8(a) has 'been held to be violated by a pleading that

26  was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of

27  incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

28  1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice &*

1  *Procedure* § 1217 (3d ed. 2010)). Dismissal is appropriate where the complaint is "effectively

2  incomprehensible and replete with frankly implausible speculation." *See Doose v. U.S. Treasury*

3  *Dept.*, No. 15-CV-5787, 2016 WL 183000, at *3 (C.D. Cal. Jan. 13, 2016); *see also Shetty v.*

4  *Cisco Sys.*, No. 16-CV-06012-HSG, 2017 WL 1315570, at *1 (N.D. Cal. Apr. 10, 2017)

5  (denying request for leave to proceed *in forma pauperis* and dismissing a "difficult to follow"

6  complaint containing  "ambiguous grievances").

7  **B.  Plaintiff's Complaint Fails to Meet the Requirements of Rule 8**

8      The Complaint in this case must be dismissed because it does not clearly state Plaintiff's

9  causes of action or the factual bases underlying her claims. Rule 8 requires that a complaint

10  contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

11  Fed. R. Civ. P. 8(a)(2). While this is not a high bar, Plaintiff's Complaint falls far short of it.

12      Rule 8 should be applied to dismiss an action "if a plaintiff fails to clearly and concisely

13  set forth allegations sufficient to provide defendants with notice of which defendant is being sued

14  on which theory and what relief is being sought against them" *Cook v. Flores*, No.

15  SACV1701279-R-PLA, 2018 WL 671176, at *3 (C.D. Cal. Jan. 8, 2018), *report and*

16  *recommendation adopted*, No. SACV171279-R-PLA, 2018 WL 654430 (C.D. Cal. Jan. 31,

17  2018). That is the case here. Although Plaintiff makes frequent use of the term "copyright,"

18  YouTube does not know what copyrighted work, if any, Plaintiff claims to own, whether that

19  work is registered with the U.S. Copyright office, which of the exclusive rights reserved under

20  the copyright laws are at issue, what conduct by YouTube supposedly infringed those rights, or

21  how YouTube's conduct or omissions allegedly harmed Plaintiff.

22      If anything, the other claims in the Complaint are even less clear, if they are intended as

23  claims at all. The cover sheet Plaintiff included with her state court complaint does not clarify

24  matters. Where she was asked to check one box for the case type that best describes her case, she

25  checked the boxes for business tort/unfair business practice, civil rights, defamation, fraud,

26  intellectual property, and professional negligence. Civil Cover Sheet 1, ECF No. 1-4. But none

27  of these causes of action are pleaded in the Complaint—and there are certainly no facts alleged

28  that would support any of them. Where claims are not clearly alleged, the court need not "divine

1    the litigant's intent and create claims that are not clearly raised." *Bediako v. Stein Mart, Inc.*, 354

2    F.3d 835, 840 (8th Cir. 2004); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

3    ("the court need not . . . make unwarranted deductions").

4           If YouTube could understand the claims Plaintiff is trying to raise, YouTube would

5    almost certainly be able to assert a variety of robust defenses to them. As to her non-copyright

6    claims, YouTube could assert immunity as an interactive computer service under Section 230 of

7    the CDA. The immunity granted by Congress to Internet services from claims based on

8    providing access to third-party content is reflected in two provisions of the CDA: "No provider

9    or user of an interactive computer service shall be treated as the publisher or speaker of any

10   information provided by another information content provider." 47 U.S.C. § 230(c)(1). "No

11   cause of action may be brought and no liability may be imposed under any State or local law that

12   is inconsistent with this section." *Id.* § 230(e)(3).

13          YouTube likely would also assert entitlement to the protections of the DMCA. *See*

14   17 U.S.C. § 512. Under the statute, a copyright holder who believes that infringing material has

15   been uploaded to a service may send a specific, tailored notice to the service requesting the

16   material be removed. 17 U.S.C. § 512(c)(3). Subject to certain limited exceptions inapplicable

17   here, so long as the service removes or disables access to the allegedly infringing material upon

18   receipt of required notice, it is immune from claims of infringement regarding the content. 17

19   U.S.C. § 512(c)(1). Again, YouTube cannot parse Plaintiff's Complaint to determine whether

20   and how the DMCA applies.

21                                          **CONCLUSION**

22          Even with the considerable leeway afforded *pro se* litigants, the Complaint here does not

23   fairly apprise YouTube of the claims against it or enable it to respond. Accordingly, YouTube

24   respectfully requests the Court dismiss Plaintiff's Complaint.

25

26

27

28

1   Dated:  February 21, 2018

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:      /s/ Samuel J. Dippo
           Samuel J. Dippo

Attorneys for Defendants
YOUTUBE, LLC and GOOGLE LLC

Defendants' Motion to Dismiss Pursuant to        -7-
Fed. R. Civ. P. 8(a)
Case no. 4:18-cv-0754-HSG