United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AKIKO KIJIMOTO,

              Plaintiff,

   v.

YOUTUBE LLC, et al.,

              Defendants.

Case No.18-cv-00754-HSG

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 38

Pending before the Court is a motion to dismiss by Defendants YouTube, LLC ("YouTube") and Google, LLC ("Google"). Dkt. No. 38. For the reasons set forth below, the Court **GRANTS** Defendants' motion with **LEAVE TO AMEND**.[1]

I. **BACKGROUND**

   A. **Factual Allegations**

In its current form, Plaintiff Akiko Kijimoto's Complaint is disorganized and difficult to follow.[2] Plaintiff seems to allege that an unnamed third party uploaded content on YouTube that has caused "defamation and harassment." Dkt. No. 1-1 (Complaint, or "Compl.") at 11. She describes the video as a recording of her and a high school boyfriend performing karaoke. *Id*. at 11. Plaintiff mentions "Cyberbullying" and "Cybercrime," as well as more than 10 years of "net stalking." *Id.* She appears to allege that the content posted by the third party is copyrighted material.[3] *Id.* at 10. She also confusingly claims that the third party's content "causes defamation

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).
[2] Excerpts from the Complaint are reproduced verbatim.
[3] For this reason, Defendants removed this action on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1338(b).

1  and harassment to official artists and music record Company." *Id*. at 10. Plaintiff further appears
2  to state "life insurance," "copyright," and "life liability insurance" as additional causes of action.
3  *Id*. at 9.

4  As to relief sought, Plaintiff apparently seeks $2 billion in damages and requests the
5  disclosure of the third party's IP address information and the deletion of the third party's video.
6  *Id.* at 9-10. Plaintiff also requests that YouTube more closely monitor what content is publicly
7  published. *Id*. at 10.

### B. Procedural Posture

Plaintiff filed the Complaint on November, 9, 2017.[4] Defendants filed this motion to dismiss on February 21, 2018. Dkt. No. 38. Plaintiff did not file an opposition.[5] Defendant filed a reply on March 14, 2018. Dkt. No. 41.

## II. LEGAL STANDARD

The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

---

[4] On June 6, 2017, Plaintiff filed a nearly identical complaint in the Central District of California against another company, and that complaint was dismissed on jurisdictional grounds. *Akiko Kijimoto v. Dwango Co., Ltd.*, No. 2:17-cv-06448-PSG-MRW; Dkt. No. 38-2 (Declaration of Samuel J. Dippo), Ex. 1.
[5] Plaintiff did, however, file a letter with the Court on February 20, 2018, in which she states that she "would like to delete youtube contents in anyway" even if her "case is going to dismiss in trial." Dkt. No. 40 at 1.

1  "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than

2  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

3  *Twombly*, 550 U.S. at 555 (internal quotations omitted).

### III. DISCUSSION

#### A. Plaintiff Fails to Allege Sufficient Facts to Plausibly State a Claim.

A complaint that is "highly repetitious" or "confused," or that "consist[s] of incomprehensible rambling" violates Rule 8(a). *Cafasso, U.S. ex rel v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Both the content and structure of the Complaint, which consists primarily of sentence fragments, are unclear.[6] *See, e.g.*, Compl. at 11 ("I thought why but i got the same damage and understood the meaning."). It is comprised mostly of irrelevant facts. Plaintiff includes information about credit card fraud and her divorce without articulating how those facts relate to her causes of action or the relief sought. Plaintiff's Complaint similarly does not clearly identify any causes of action. It presents no unifying theme or clear factual pattern from which a claim could be identified, instead jumping from accusations that YouTube is engaged in "trafficking in persons and act of killing people because the human voice is included in the copyrighted work" to asserting that all the third-party content is "stolen." Compl. at 9-10. As such, the Complaint violates Rule 8's directive that each allegation be "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).

Because of its disjointed nature, the Complaint fails to "put the defendant[s] on notice as to the nature of the claim against [them] and the relief sought." *See Twombly*, 550 U.S. at 574. Without notice of the claims asserted against them, Defendants cannot adequately prepare an answer or prepare a defense. Even liberally construed, Plaintiff's assertions are unclear, and insufficient to state a claim upon which relief can be granted. "Although a pro se litigant . . . may be entitled to great leeway when the court construes [her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). That threshold is not

---

[6] Defendants suggest that this may be due to a language barrier, but the Court cannot draw this conclusion based on the current record. *See* Dkt. No. 38 at 3.

close to being met here. Accordingly, the Court finds that the Plaintiff fails to satisfy the requirements of Rule 8.

### B. Plaintiff Will Be Granted Leave to Amend Her Complaint.

Pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court will grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted). The serious deficiencies in the Complaint notwithstanding, the Court cannot say at this stage that amendment would be futile as a matter of law.

Accordingly, the Court finds that leave to amend is proper. Should she choose to file a First Amended Complaint, Plaintiff should clearly identify: (1) each legal claim; (2) the facts supporting each claim; and (3) the defendant against whom the claim is alleged. Failure to file a First Amended Complaint by the deadline may result in dismissal of the action in its entirety without further leave to amend. Additionally, Plaintiff's First Amended Complaint will be dismissed if she does not correct the deficiencies the Court has identified in this order.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED WITH LEAVE TO AMEND**. Should Plaintiff wish to file a First Amended Complaint, she is directed to do so in accordance with the discussion above no later than 28 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: May 29, 2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

4